[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 31, 2007
THOMAS K. KAHN
CLERK

No. 06-11258
Non-Argument Calendar

_____

D. C. Docket No. 05-21012-CV-UUB

MARILYN E. KELLY,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
DEPARTMENT OF CHILDREN AND FAMILY SERVICES,
District 11,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 31, 2007)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Marilyn E. Kelly, proceeding *pro se*, appeals the district court's order setting aside its default entry and dismissing her complaint. We find no merit in her appeal and therefore AFFIRM.

## I. BACKGROUND

Kelly filed a complaint alleging discrimination against the Florida Department of Children and Families ("the DCF"), pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 2000e. Kelly filed an affidavit of service with the district court stating that she served the summons and complaint upon Tangela Thorpe-McKinnon, as a legal employee of the DCF. Thorpe-McKinnon is not a DCF executive officer and is not a party to this case. When the DCF did not timely respond to the complaint, the district court entered default against the DCF. The DCF then filed a motion to vacate the default entry and to dismiss Kelly's complaint without prejudice, pursuant to Federal Rules of Civil Procedure 12(b) and 55(c), on improper service of process grounds. The district court granted the DCF's motion. Kelly then filed this appeal.

## II. DISCUSSION

We review a district court's decision regarding personal jurisdiction *de novo*. Nippon Credit Bank, Ltd. v. Matthews, 291 F.3d 738, 746 (11th Cir. 2002) (per curiam). Likewise, we review a district court's decision regarding service of

2

process *de novo*, but examine the district court's treatment of the facts for clear error.  See Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries, 353 F.3d 916, 920 (11th Cir. 2003).

Generally, where service of process is insufficient, a district court lacks personal jurisdiction over a defendant and, therefore, has no power to render judgment over that defendant.  In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1299 (11th Cir. 2003).  According to the Federal Rules of Civil Procedure, proper service upon a defendant that is a

> state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.

Fed. R. Civ. P. 4(j)(2).  Florida law requires that "process against any public agency, board, commission, or department not a body corporate . . . shall be served on the public officer being sued or the chief executive officer of the agency, board, commission, or department."  Fla. Stat. § 48.111(2).

It is the plaintiff's responsibility to ensure proper service of a summons and complaint.  See Fed. R. Civ. P. 4(c)(1).  If the plaintiff fails to do so,

> the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time;

3

provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

When service of process is properly effected, but the served party fails to respond in a timely manner, the clerk must enter a default against that party once the district court is informed of that failure. Fed. R. Civ. P. 55(a). "[F]or good cause shown" excusing this failure to respond, however, the district court may later set aside the entry of default. Fed. R. Civ. P. 55(c). We have explained that, although they are not "talismanic," "some general guidelines are commonly applied" to determine whether the defaulting party has demonstrated good cause, including "whether the default was culpable or willful." Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).

Here, Kelly was required to serve the DCF's chief executive officer. See Fed. R. Civ. P. 4(j); Fla. Stat. § 48.111(2). We agree with the district court that the record conclusively demonstrates that she failed to do so. Therefore, the district court properly set aside its entry of default against the DCF, as the DCF was never correctly served Kelly's complaint and thus had good cause not to timely respond to that complaint. See Fed. R. Civ. P. 55(c); Compania Interamericana, 88 F.3d at

4

951. Furthermore, the district court properly dismissed Kelly's complaint without prejudice, as the district court lacked personal jurisdiction over the DCF. <u>See</u> <u>Worldwide Web Sys.</u>, 328 F.3d at 1299; Fed. R. Civ. P. 4(m).

### III. CONCLUSION

The DCF satisfied the "good cause" requirement of Fed. R. Civ. P. 55(c) and the district court did not err in setting aside the entry of default. Accordingly, the district court's order is **AFFIRMED.**